

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    - v. -

MILTON BALKANY,
    a/k/a "Yehoshua Balkany,"

        Defendant.

- - - - - - - - - - - - - - - - - - -x

<u>INDICTMENT</u>

10 Cr.

**10 CRIM 441**

<u>COUNT ONE</u>

(Extortion)

The Grand Jury charges:

    1.   MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, is the Dean of the Bais Yaakov school, which is a religious day school located in Borough Park, New York.

    2.   From at least on or about December 16, 2009 to at least on or about February 18, 2010, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, was engaged in a scheme to extort a Connecticut-based hedge fund ("the Hedge Fund") into paying millions of dollars to BALKANY's school and to another school on behalf of BALKANY.

    3.   At all times relevant to this Indictment, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, who purports to be a spiritual advisor to certain incarcerated individuals, claimed to be in communication with, and in control of, an individual who is incarcerated at a federal prison in Otisville, New York (the "Otisville Inmate"). According to BALKANY, the

Otisville Inmate advised BALKANY that the Hedge Fund as well as the Manager of the Hedge Fund (the "Hedge Fund Manager") obtained material, non-public information in approximately 2004 and 2005 (the "Inside Information") and used the purported Inside Information to profit from trading in at least six stocks (the "Alleged Insider Trading").  As part of the scheme, BALKANY advised lawyers from the Hedge Fund that representatives from the Federal Bureau of Investigation ("FBI") and the USAO (collectively the "Government Officials") were aware that the Otisville Inmate was in possession of information about the Alleged Insider Trading, and that, as of mid-December 2009, the Government Officials had been anxious to speak with the Otisville Inmate.  In truth and in fact, as BALKANY well knew, the Government Officials never contacted the Otisville Inmate about the information relating to the Alleged Insider Trading, nor were the Government Officials anxious to speak with the Otisville Inmate.

4.    In furtherance of his scheme, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, advised attorneys for the Hedge Fund that BALKANY was in frequent contact with the Otisville Inmate, and that the Otisville Inmate would follow BALKANY's instructions as to what he should and should not tell the Government Officials.  BALKANY advised lawyers for the Hedge Fund that BALKANY would instruct the Otisville Inmate not to tell

2

the Government Officials about the Hedge Fund's Alleged Insider
Trading if the Hedge Fund made certain payments to BALKANY,
specifically: (a) $2 million to Bais Yaakov, and (b) $2 million
to another religious school, Torah Vodaath, which BALKANY claimed
would be a loan since it would be repaid to the Hedge Fund in
future monthly installments with post-dated checks provided by
BALKANY.

       5.    Referring to the four million dollars he demanded,
MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, told the
lawyers for the Hedge Fund, on or about January 5, 2010, "I don't
consider it a lot of money" because in other situations "when
something became a public issue . . . you can be ruined," and if
the Hedge Fund Manager "had to go into this thing, you're talking
20 million, 30 million [dollars]."  On another occasion BALKANY
stated, "I think it's a very minor price for the, for the package
over here.  I think if this ever got into what [the Government]
want[s] to bring, it would cost [the Hedge Fund Manager] ten
million [dollars] in lawyers."  BALKANY explicitly advised the
Hedge Fund that if it paid him the money, the Otisville Inmate
would not discuss the Alleged Insider Trading with the USAO.
Along these lines, BALKANY reassured the Hedge Fund that "you can
go to sleep at night completely comfortable, without any worry.
That's what I can tell you."  On the other hand, BALKANY stated
that if the Hedge Fund did not pay, BALKANY would attempt to help

the Otisville Inmate reduce his prison sentence by permitting him to speak to the Government Officials about the Alleged Insider Trading.  BALKANY stated that in that event his "mission then is to just save [the Otisville Inmate] at any expense."

6.   On or about January 20, 2010, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, having not yet received payment, contacted the USAO by telephone and had conversations with the USAO during which he attempted to induce the USAO to initiate contact with the Otisville Inmate.  At the same time BALKANY was speaking with the USAO, he separately spoke with attorneys for the Hedge Fund, during which conversations he pressured the Hedge Fund into paying by falsely claiming that the USAO was interested in speaking with and soon intending to approach the Otisville Inmate.

7.   During the conversations with the USAO, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, made false statements and concealed material information from a Criminal Investigator with the USAO.  For example, on or about January 21, 2010, BALKANY falsely stated that he had not identified the Otisville Inmate to anyone else as someone who had information about the Alleged Insider Trading.  In truth and in fact, as BALKANY well knew, he had multiple conversations with representatives of the Hedge Fund during which he identified the Otisville Inmate by name and described the Otisville Inmate's

purported knowledge of the Alleged Insider Trading.  Similarly, during these same conversations with the USAO, BALKANY concealed that he had numerous conversations and a meeting with representatives of the Hedge Fund during which they discussed the Otisville Inmate and the Alleged Insider Trading.

8.   On or about February 17, 2010, an attorney for the Hedge Fund, acting at the direction of the Government, agreed to provide MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, the two checks that BALKANY had demanded in exchange for directing the Otisville Inmate not to discuss the Alleged Insider Trading with the USAO.

9.   On or about February 18, 2010, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, met the attorney in Manhattan and received two checks drawn upon a closed account from the Hedge Fund: (i) a check in the amount of $1.25 million payable to "Bais Yaakov of Brooklyn" (the Hedge Fund had negotiated to pay BALKANY a $1.25 million payment up-front and a second installment of $750,000 at a later time); and (ii) a check in the amount of $2 million payable to "Torah Vodaath."  At that meeting, after the checks had been turned over, BALKANY assured the attorney that "Connecticut," a reference to the Hedge Fund's location, would not be discussed at a meeting between the USAO and the Otisville Inmate scheduled later that week.  In truth and in fact, as BALKANY well knew, no meeting was scheduled.

10.   On or about February 18, 2010, after receiving the two checks, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, opened a new bank account in the name of "Bais Yaakov of Brooklyn."  BALKANY attempted to deposit the $1.25 million check into that account.  BALKANY advised a bank teller that when the $1.25 million in funds became available to him, he intended to withdraw $25,000 in cash, which he needed that same day.

Statutory Allegation

11.   From at least on or about December 16, 2009 to at least on or about February 18, 2010, in the Southern District of New York and elsewhere, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, unlawfully, willfully and knowingly, with intent to extort from a person, firm, association, and corporation, money and other things of value, did transmit in interstate and foreign commerce communications containing threats to injure the property and reputation of the addressee and another, and threats to accuse the addressee and another of a crime, to wit, BALKANY, on multiple occasions, made telephone calls to representatives of a hedge fund, in which he threatened to advise an incarcerated individual, purported to be under BALKANY's control, to disclose to law enforcement authorities alleged illegal conduct that occurred at the hedge fund involving the manager of the hedge fund, unless BALKANY received $4 million dollars from the hedge fund.

(Title 18, United States Code, Sections 875(d) and 2.)

COUNT TWO

(Wire Fraud)

The Grand Jury further charges:

12.    The allegations contained in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

13.    From at least on or about December 16, 2009 to at least on or about February 18, 2010, in the Southern District of New York and elsewhere, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, to wit, telephone calls in or about January 2010, from Israel to New York, for the purpose of executing such scheme and artifice, to wit, BALKANY attempted to induce a hedge fund, its principals, and its representatives to pay $4 million by claiming that the USAO and the FBI were pressuring an incarcerated individual to provide purportedly damaging information about a manager of the hedge fund in exchange for reducing that individual's prison sentence.

(Title 18, United States Code, Sections 1343 and 2.)

7

COUNT THREE

(Blackmail)

The Grand Jury further charges:

14.     The allegations contained in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

15.     From at least on or about December 16, 2009, to at least on or about February 18, 2010, in the Southern District of New York and elsewhere, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, unlawfully, knowingly, and willfully, under a threat of informing, and as a consideration for not informing, against a violation of a law of the United States, demanded and received money and other valuable things, to wit, BALKANY, on multiple occasions, threatened to disclose to law enforcement authorities alleged illegal conduct that occurred at a hedge fund involving the manager of the hedge fund, and demanded and received money for not permitting an individual to inform law enforcement authorities of the alleged illegal conduct.

(Title 18, United States Code, Sections 873 and 2.)

COUNT FOUR

(False Statements)

The Grand Jury further charges:

16.    The allegations contained in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

17.    On or about January 21, 2010, in the Southern District of New York, MILTON BALKANY, a/k/a "Yehoshua Balkany," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, unlawfully, willfully, and knowingly, did falsify, conceal, and cover up by trick, scheme, and device material facts, and made materially false, fictitious, and fraudulent statements and representations, to wit, BALKANY participated in telephone conversations with a Criminal Investigator with the USAO in which BALKANY falsely stated that he did not identify the name of the incarcerated individual to anyone else in connection with the alleged illegal conduct, and concealed that he had multiple conversations with representatives of the hedge fund about the alleged illegal conduct.

(Title 18, United States Code, Sections 1001 and 2.)


_____
Foreperson

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274  (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

MILTON BALKANY,
a/k/a "Yehoshua Balkany,"

Defendant.

INDICTMENT

10 Cr.

(Title 18, United States Code, Section
875(d) and 2; Title 18, United States
Code, Section 1343 and 2; Title 18,
United States Code, Section 873 and 2;
Title 18, United States Code,
Section 1001 and 2)

_Indictment_
_Returned_
_Case Assigned_
_to Judge Cote_
_James C. Francis (LSD)_
_5-20-10_

_____ Preet Bharara
                            United States Attorney.

A TRUE BILL

_____ _____
                            Foreperson.