UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MILTON BALKANY,                          :        17cv8977 (DLC)
                                         :        10cr441 (DLC)
                    Petitioner,          :
                                         :        MEMORANDUM OPINION
          -v-                            :            AND ORDER
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                    Respondent.          :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

On August 11, 2017, defendant Milton Balkany's three year term of supervised release ended. On November 8, he filed a petition for a writ of error coram nobis, and a motion to recuse this Court under 28 U.S.C. § 144 and § 455. For the following reasons, the motion to recuse and the petition for writ of error coram nobis are denied.

On May 20, 2010, Balkany was indicted for extortion and three related crimes. He was convicted by a jury on each count on November 10, and sentenced on February 18, 2011, principally to 48 months' imprisonment. His conviction was affirmed by summary order on March 19, 2012. United States v. Balkany, 468 F. App'x 49 (2d. Cir. 2012). On December 6, 2012, Balkany filed a habeas corpus petition under 28 U.S.C. § 2255. The petition was denied on March 27, 2013 in a decision that also declined to issue a certificate of appealability. Balkany v. United States,

No. 12cv8884 (DLC), 2013 WL 1234950 (S.D.N.Y. Mar. 27, 2013). On February 11, 2014, the Court of Appeals denied a motion for a certificate of appealability and dismissed the appeal.

Pursuant to 28 U.S.C. § 455(a), a judge must recuse herself "in any proceeding in which [her] partiality might reasonably be questioned." 28 U.S.C. § 455(a); Cox v. Onondaga Cty. Sheriff's Dep't, 760 F.3d 139, 150 (2d Cir. 2014). Under 28 U.S.C. § 144 and § 455(b)(1), a judge must recuse herself whenever she has a "personal bias or prejudice" concerning a party. Merely "filing [] an affidavit of prejudice does not require referral" to another judge, and "a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify [her]self unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." LoCascio v. United States, 473 F.3d 493, 498 (2d Cir. 2007) (citation omitted). To be disqualifying, "the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from [her] participation in the case." S.E.C. v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013) (emphasis in original) (citation omitted); see also Liteky v. United States, 510 U.S. 540, 555 (1994). "Recusal is not warranted where the only challenged conduct consists of judicial

2

rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible." Razmilovic, 738 F.3d at 29-30 (citation omitted).

Balkany's affidavit is legally insufficient, and the motion to recuse is denied. The challenged conduct consists entirely of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and witnesses, all occurring during judicial proceedings. There is no allegation in the affidavit or petition that there was any reliance on knowledge acquired outside the proceedings. Nor does any of the challenged conduct, fairly viewed, display "deep-seated and unequivocal antagonism" in any manner towards any person or any set of religious beliefs. Notably, Balkany has been represented by at least three different lawyers over the course of his trial, direct appeal, and § 2255 petition, and none made a motion to recuse or raised judicial bias as a ground for relief. Referral to another judge is therefore unwarranted, and the application is denied.

Turning to the merits of the petition, a writ of error coram nobis is an extraordinary remedy. To obtain such relief a

3

petitioner "'must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by the granting of the writ.'" Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)).

The instant petition presents seven independent grounds for relief, and argues as well that the cumulative effect of these grounds entitles Balkany to a reversal of his conviction. Balkany has failed to show that sound reasons exist for his failure to seek appropriate relief on these issues either through his direct appeal or a timely filed petition under 28 U.S.C. § 2255.

Six of the issues Balkany raises in his current petition could have been raised on direct appeal. They are his arguments regarding the adequacy of the jury charge on the issue of reasonable doubt; the trial judge's bolstering of a witness; the trial judge's bias as exposed by her conduct of the trial; a flawed and incomplete jury verdict; a confusing jury verdict form; and the deprivation of his right to testify in his own defense. The seventh issue -- defense counsel's failure to offer the defense of entrapment by estoppel and/or to subject the prosecution's case to meaningful adversarial testing --

4

attacks the competence of his retained counsel at trial and could have been the subject of his petition under § 2255. Because each of the individual issues could have been raised at an earlier time, the cumulative error claim on the basis of these issues could also have been raised earlier.

Balkany has failed to offer an explanation for why the relief he seeks here could not have been sought on direct appeal or through his § 2255 petition, and therefore cannot succeed in demonstrating that sound reasons exist for failing to raise these grounds earlier. It is therefore unnecessary to address whether Balkany has met the other requirements to succeed on a petition for writ of error coram nobis. Accordingly, it is hereby

ORDERED that the November 8, 2017 motion for recusal and petition for writ of error coram nobis are denied.

IT IS FURTHER ORDERED that the petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close the civil case, docket number

17cv8977.

Dated: New York, New York
November 29, 2017

```
                         _____
                                    DENISE COTE
                           United States District Judge
```

Copies mailed to:


Milton Balkany
5402 15th Avenue
Brooklyn, NY 11219